531 A.2d 94

Commonwealth of Pennsylvania, Department of Environmental Resources, Plaintiff *v.* Norwesco Development Corporation, Defendant.

Argued October 6, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Zelda Curtiss,* Assistant Counsel, with her, *James D. Morris,* for plaintiff.

*Kenneth D. Chestek, Murphy, Taylor & Adams, P.C.,* for defendant.

OPINION BY SENIOR JUDGE KALISH, September 15, 1987:

Before this court are preliminary objections filed by Norwesco Development Corporation (Norwesco) to a complaint in equity filed by the Commonwealth of Pennsylvania, Department of Environmental Resources (DER). We dismiss the preliminary objections.

Norwesco has explored for and produced petroleum products from various lease sites in Sandy Creek Township, Venango County, Pennsylvania. On January 3, 1986, DER issued an order which found that Norwesco's drilling activities had polluted groundwater in the vicinity of Belmar Village. The order directed Norwesco to provide a temporary water supply to certain residents of Belmar Village, to submit a plan to DER for permanent water supply restoration or replacement, and to implement the approved water replacement plan. Norwesco appealed the order to the Environmental Hearing Board (Board), and filed a petition for supersedeas. Following a hearing on the petition for supersedeas, the petition was denied.

In November, 1985, Norwesco had filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania. By order dated January 15, 1986, the Bankruptcy Court stayed the en-

forcement of the January 3, 1986 DER order pending that court's determination as to whether the automatic stay provision of section 362 of the Bankruptcy Code, 11 U.S.C. §362, applied. DER appealed this order to the United States District Court for the Western District of Pennsylvania. On June 16, 1986, the United States District Court for the Western District of Pennsylvania vacated the stay, and ruled that the automatic stay provision of section 362 of the Bankruptcy Code, 11 U.S.C. §362, did not apply.

Thereafter, DER filed the instant complaint in equity in this court. Concurrently, DER submitted a motion for preliminary injunction. A hearing on the motion was held on July 10, 1986, at which time Norwesco raised preliminarily the issue of whether the bankruptcy proceedings divested this court of jurisdiction. Norwesco also argued that DER was required to prove the underlying merits of its case before an injunction could issue. Prior to this court's reaching a decision on DER's motion for preliminary injunction, Norwesco advised this court that its plan of reorganization had been confirmed by the Bankruptcy Court, and filed the preliminary objections now before this court. On August 13, 1986, this court granted DER's motion for preliminary injunction, and ordered Norwesco to comply with the January 3, 1986 DER order during the pendency of the appeal before the Board.

Norwesco contends that this court lacks jurisdiction to enforce the DER order. Specifically, Norwesco argues that the DER order is not enforceable prior to a final adjudication before the Board. Norwesco claims that without a full evidentiary hearing, enforcement of the order violates its right to due process. Additionally, Norwesco argues that as a prerequisite to enforcement of the order, DER must prove the violations of law underlying the order. Lastly, Norwesco contends that as a

debtor in a Chapter 11 bankruptcy proceeding, this court cannot compel it to expend money, as enforcement of the order would require.

Norwesco has filed a timely appeal from the DER order with the Board. However, pursuant to section 1921-A of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §510-21(d), an appeal to the Board does not act as a supersedeas. DER's complaint in equity is an enforcement proceeding. While the DER order has not been finally adjudicated, absent a grant of a supersedeas, it is enforceable. *See Department of Environmental Resources v. Bethlehem Steel Corp.,* 469 Pa. 578, 367 A.2d 222 (1976), *cert. denied,* 430 U.S. 955 (1977).

Moreover, at this juncture, the DER order is enforceable without a full evidentiary hearing on the merits. DER has the express authority to issue orders to abate or prevent pollution, under section 610 of the Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.610. Section 601 of the Clean Streams Law, 35 P.S. §691.601, empowers DER to abate a nuisance or prevent any violation of the statute. Under section 611 of the Clean Streams Law, 35 P.S. §691.611, failure to comply with a DER order is unlawful. These statutory provisions are illustrative of DER's authority to proceed initially to abate statutory violations. Additionally, as to Norwesco's assertion that enforcement of the order without a full evidentiary hearing is violative of its due process rights, we note that Norwesco had the right to seek a supersedeas from the Board under section 610 of the Clean Streams Law, 35 P.S. §691.610. Norwesco did in fact avail itself of this remedy; however, following a hearing the Board dismissed Norwesco's petition for a supersedeas.

Similarly, we disagree with Norwesco's argument that DER must prove the violations of law underlying

the order as a prerequisite to enforcement. Norwesco will have the opportunity to challenge the merits of the order before the Board. Because this adequate administrative remedy exists, Norwesco's due process rights are not violated.

Turning to Norwesco's contention that as a debtor in a Chapter 11 bankruptcy proceeding it cannot be compelled to expend money, we must determine whether the DER order constitutes a claim dischargeable in bankruptcy.

The Bankruptcy Code defines a debt as a liability on a claim. 11 U.S.C. §101(11). A claim is defined as:

(A)    right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B)    right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. §101(4).

Norwesco relies on *Ohio v. Kovacs,* 469 U.S. 274 (1985), where the United States Supreme Court held that an individual's obligation under a state court injunction to clean up a hazardous waste site was a debt, or a liability on a claim, and subject to discharge under the Bankruptcy Code. In *Kovacs,* a judgment was entered which required Kovacs to remove specified wastes. When Kovacs failed to do so, the state appointed a receiver who was ordered to take possession of all of Kovacs' assets, and to comply with the injunction. At that point, Kovacs was divested of assets that might have been used by him to clean up the property. In

fact, counsel for the state at the oral argument in the Supreme Court conceded that the only performance sought from Kovacs was the payment of money. Thus, the clean up order had been converted into an obligation to pay money, an obligation that was dischargeable in bankruptcy. In fact, the Supreme Court specifically stated:

> [W]e do not hold that the injunction against bringing further toxic wastes on the premises or against any conduct that will contribute to the pollution of the site or the State's waters is dischargeable in bankruptcy; we here address . . . only the affirmative duty to clean up the site and the duty to pay money to that end.

*Kovacs* at 284-85.

In the instant case, DER's action in substance was not one to obtain money or to enforce a money judgment. Instead, DER's action was one to restrain the performance of acts of a nuisance character, and to order Norwesco to submit a permanent water supply plan. In substance, the payment of money could not satisfy this claim. Unlike the *Kovacs* case, DER was not seeking money as compensation for a past injury, or as an alternative remedy, but rather the expenditure of any money was intended as part of a remedial action to abate a nuisance with aspects continuing into the future.

In *Penn Terra Ltd. v. Department of Environmental Resources,* 733 F.2d 267 (3rd Cir. 1984), DER sought to enforce a consent order it had entered into with Penn Terra, which required Penn Terra to correct environmental damage from its mines. The Third Circuit considered the question of whether DER's enforcement action was an attempt to enforce a money judgment and thereby prohibited by the automatic stay provision found in section 362 of the Bankruptcy Code, 11 U.S.C.

§362. There, the court stated that an important factor to be considered in identifying a proceeding as one to enforce a money judgment is "whether the remedy would compensate for *past* wrongful acts resulting in injuries already suffered, or protect against potential *future* harm." *Id.* at 277 (emphasis in original). The court determined that inasmuch as DER did not seek to remedy past injuries, but to prevent future harm and restore the environment, DER was not attempting to enforce a money judgment.

Similarly, in the instant case, DER's order seeks to prevent future harm, and insure a safe water supply system for the residents of Belmar Village. As the court in *Penn Terra* noted, "An injunction which does not compel some expenditure or loss of monies may often be an effective nullity." *Id.* at 278. Although different sections of the Bankruptcy Code were at issue in *Kovacs* and *Penn Terra,* we believe the court's language in *Penn Terra* is instructive, and can be analogized to this case. Thus, we conclude that the DER order does not constitute a claim dischargeable in bankruptcy.

Accordingly, we dismiss the preliminary objections filed by Norwesco.

## ORDER

Now, September 15, 1987, the preliminary objections of Norwesco Development Corporation are dismissed.